1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


RIVERDEEP, INC.,

                     Plaintiff(s),

      v.

COMPACT MEDIA, INC.,

                  Defendant(s).

_____/

No. C 05-03741 PJH

**AMENDED ORDER SETTING CASE
MANAGEMENT CONFERENCE**

[Reassigned Case]


TO ALL PARTIES AND COUNSEL OF RECORD:

       The above matter having been reassigned to the Honorable Phyllis J. Hamilton. It is hereby ordered, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, that a Case Management Conference shall be held in this case on **January 19, 2006**, at 2:30 p.m., in Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

       Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c) and all of the agenda items listed below. **Not less than seven (7) calendar days** before the conference, counsel shall file a joint case management statement addressing each agenda item in the order in which they are listed below. As required by Civil L. R. 16-9, the case management statement shall include the joint discovery/disclosure report required by Rule 26(f). A proposed order is not necessary. Following the conference, the court will enter its own Case Management and Pretrial Order. If any party is proceeding without counsel, separate statements may be filed by each party.

       Each party shall appear personally or by counsel prepared to address all of the matters referred to in this Order and with authority to enter stipulations and make admissions pursuant to this Order. Any request to reschedule the date of the conference shall be made in writing, and by stipulation if possible, at least ten (10) calendar days before the date of the conference and must be based upon good cause.

//

//

1

Dockets.Justia.com

**AGENDA ITEMS**

1.    Jurisdiction: Does the court have    subject matter jurisdiction over all of the plaintiff's claims and defendant's counter-claims?  What is the basis of that jurisdiction?  Are all the parties subject to the court's jurisdiction?  Do any parties remain to be served?

2.    Facts: What is the factual basis of plaintiff's claims and defendant's defenses?  What is the factual basis of defendant's counter-claims and plaintiff's defenses?  Provide a brief description of the events underlying the action.

3.    Legal Issues: What are the legal issues genuinely in dispute?

4.    Narrowing of Issues: Are there dispositive or partially dispositive issues appropriate for decision by motion or by agreement?

5.    Motions: What motions are anticipated?

6.    Discovery: What discovery does each party intend to pursue?  Can discovery be limited in any manner?

7.    Confidentiality:  Does either party anticipate the need for a protective order for confidential documents disclosed in discovery or the need to file any documents under seal?

8.    Relief: What relief does plaintiff seek?  What is the amount of damages sought by plaintiff's claims and by defendant's counter-claims?  Explain how damages are computed.

9.    ADR: Which ADR process do the parties jointly request?

10.    Settlement: What are the prospects for settlement?  Does any party wish to have a settlement conference with a magistrate judge?

11.    Magistrate Judge Trials: Will the parties consent to have a magistrate judge conduct all further proceedings including trial?

12.    Trial: Will this case be tried by jury or to the court?  Is it feasible or desirable to bifurcate issues for trial?  What is the anticipated length of the trial?  When considering these issues, bear in mind that trials are conducted Monday-Tuesday, Thursday-Friday, from 8:30 a.m. to

1:30 p.m., with two 15-minute breaks.  Is it possible to reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence?

13.    Related Cases: Are there any related cases pending in this Court?

14.    Class Actions: If a class action, how and when will the class be certified?

15.    Scheduling: What are the earliest reasonable dates for discovery cutoff, hearing dispositive motions, pretrial conference and trial?  When considering this issue, bear in mind that the court hears dispositive motions no later than 120 days before trial.

16.    Such other matters as any party considers conducive to the just speedy and inexpensive resolution of this matter.

**17.    In order to assist the court in evaluating any need for disqualification or recusal, the parties shall disclose to the court in the case management statement, the identities of any persons, associations, firms, partnerships, corporations (including parent and controlled subsidiary corporations) or other entities known by the parties to have either 1) a financial interest in the subject matter at issue or in a party to the proceeding or 2) any other kind of interest that could be substantially affected by the outcome of the proceeding.**
**If the disclosure of non-party interested entities or persons has already been made as required by Civil Local Rule 3-16, the parties may simply reference the pleading or document in which the disclosure was made.**

IT IS SO ORDERED.

Dated:  September 27, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

1
2
3
4

**Judge Phyllis J. Hamilton**
Courtroom 3, 17th Floor

5
6

Nichole Heuerman, Court Deputy
(415) 522-2023

7

## STANDING ORDER

8

1.    CALENDARS

9
10

Civil law and motion is held on Wednesday at 9:00 a.m.
Criminal law and motion is held on Wednesday at 1:30 p.m.
Case Management and Pretrial Conferences are held on Thursday at 2:30 p.m.

11
12

Counsel need not reserve a hearing date for motions, but should call the Court Deputy in advance for dates that are unavailable. Noticed dates may be reset as the court's calendar requires.

13

2.    DISCOVERY

14
15
16

All discovery disputes shall be referred to the Chief Magistrate Judge for assignment. The words "Discovery Matter" shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel shall contact the clerk for the assigned magistrate judge to schedule any hearing.

16

3.    MOTIONS

17
18
19

Separate statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed. See Civil L. R. 56-2. The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed.

19
20

The briefing schedule of motions that are specifically set by the court may not be altered by stipulation; rather the parties must obtain leave of court.

21

4.    CORRESPONDENCE

22
23
24

When corresponding with the court by letter or when submitting a letter brief, provide the original and one copy. Letters should be delivered to the Clerk's Office in San Francisco in an envelope addressed to Judge Hamilton. Do not fax anything to chambers without calling chambers first. A copy marked "Chambers Copy" of all documents filed in the Clerk's Office shall be filed along with the original.

25
26
27

PLAINTIFF IS ORDERED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES TO THIS ACTION AND UPON ALL PARTIES SUBSEQUENTLY JOINED IN ACCORDANCE WITH RULES 4 AND 5 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND TO FILE WITH THE CLERK OF THE COURT A CERTIFICATE REFLECTING SUCH SERVICE.

28

5.    E-FILING/CHAMBERS COURTESY COPIES

1

2

    In all "E-Filing" cases, in addition to filing papers electronically, the parties are required

3
to lodge with chambers one paper copy of each document that is filed electronically no later
than noon on the day following the day that the papers are filed electronically.  These printed
4
copies shall be marked "Chambers Copy" and **shall be submitted to the Clerk's Office**, in an
envelope clearly marked with the judge's name, case number, and "Chambers Copy."  Parties
5
shall not file a paper copy of any document with the Clerk's Office that has already been filed
electronically.

6

7
    Notwithstanding the 12:00 midnight filing deadline provided by General Order 45,  **all
documents e-filed in cases assigned to Judge Hamilton must be completed by 6:00 p.m.
on the due date.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28